**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-1540**

—————————

SONYA HEATH,

        Plaintiff - Appellant,

    v.

GOHEALTH, LLC,

        Defendant - Appellee.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:23-cv-00791-MOC-DCK)

—————————

Submitted:  January 23, 2025            Decided:  January 27, 2025

—————————

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Cory A. Williams, Charlotte, North Carolina, for Appellant.  Charles E. Johnson, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina; William J. Tarnow, Kathleen E. Okon, NEAL GERBER & EISENBERG, LLP, Chicago, Illinois, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sonya Heath appeals the district court's order dismissing her complaint alleging that her employer, GoHealth, LLC ("GoHealth"), subjected her to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17.[*] The district court concluded that Heath's claim was time-barred. On appeal, Heath does not contest that her claim was untimely but argues that the district court improperly concluded that she was not entitled to equitable tolling. We affirm.

Heath received her right-to-sue letter from the Equal Employment Opportunity Commission on January 10, 2023, so she had until April 10 to file her complaint. *See* 42 U.S.C. § 2000e-5(f)(1) (providing 90-day deadline). Heath met that deadline, filing her complaint on April 3. But she voluntarily dismissed that complaint on May 22 and refiled on November 20, months after the expiration of the deadline.

In response to GoHealth's motion to dismiss the second complaint as untimely, Heath argued that she was entitled to equitable tolling because GoHealth had broken its promise to engage in mediation if she voluntarily dismissed her complaint. *See Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (recognizing that equitable tolling doctrine applies to Title VII's 90-day filing requirement). In reply, GoHealth submitted emails from its counsel to Heath's counsel purportedly memorializing

---

[*] Heath also alleged that GoHealth violated North Carolina's Equal Employment Practices Act, N.C. Gen. Stat. §§ 143.422.1-.422.3 (2024), but she does not challenge the district court's dismissal of that claim on appeal. *See Harris v. Town of S. Pines*, 110 F.4th 633, 648 (4th Cir. 2024) (explaining that "[a] party waives an argument by failing to present it in its opening brief" (internal quotation marks omitted)).

2

their verbal agreement that Heath would dismiss her complaint and proceed instead in arbitration. While Heath dismissed her complaint, she did not file a demand for arbitration. GoHealth's counsel attested that he never agreed to engage in mediation in exchange for the dismissal of the first complaint, and GoHealth argued that such a promise would have been illogical because mediation often occurs when there is a pending complaint. Heath also submitted emails, which showed that the parties discussed mediation but that GoHealth was hesitant to participate because Heath's demand was too steep. The district court concluded that Heath had failed to show that she was prevented from timely filing her Title VII claim due to wrongful conduct by GoHealth or extraordinary circumstances beyond her control.

Initially, we conclude that the district court implicitly converted GoHealth's motion to dismiss into a motion for summary judgment by considering matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). But we conclude that its failure to explicitly convert the motion was harmless because Heath had an opportunity to present evidence in response to GoHealth's motion. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007) (recognizing that "appellate courts may take the district court's consideration of matters outside the pleadings to trigger an implicit conversion of a [dismissal] motion to one [for summary judgment]" and noting that "[b]oth parties had ample opportunity to present evidence relevant to the [dispositive] question"). Accordingly, we apply the summary judgment standard, *id.* at 451, reviewing the district court's judgment de novo and "view[ing] all facts and reasonable inferences in the light most favorable to the nonmoving party," *Harris*, 110 F.4th at 639.

3

While Heath's exhibits show that the parties discussed mediation, nowhere did GoHealth promise to engage in mediation only if Heath voluntarily dismissed her first complaint. Thus, Heath failed to show that she was prevented from timely filing her Title VII claim due to wrongful conduct by GoHealth or extraordinary circumstances beyond her control. *See Warfaa v. Ali*, 1 F.4th 289, 294 (4th Cir. 2021) (reiterating that equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result" (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4